**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL R. SPENGLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LASD: LOS ANGELES COUNTY JAIL, et al.<br><br>　　　　Defendants. | Case No. CV 16-6880-DOC (SP)<br><br>**MEMORANDUM AND ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

## I.

## **INTRODUCTION**

On September 13, 2016, plaintiff Michael R. Spengler, a state prisoner proceeding pro se, filed a Complaint under 42 U.S.C § 1983. On February 3, 2017, plaintiff filed a First Amended Complaint ("FAC"). The FAC specifically names two correctional officers, a nurse, and the Los Angeles County Sheriff's Department ("LASD") as defendants, along with several other unnamed correctional officers as Doe defendants. Plaintiff alleges defendants, inter alia, denied plaintiff adequate medical care, and denied him accommodations pursuant to the Americans with Disabilities Act ("ADA").

On May 19, 2017, the Court issued an order addressing plaintiff's request to consolidate seven of the civil rights actions plaintiff has filed with this Court.[1] All of the seven cases concern incidents, many of them overlapping, that plaintiff alleges have occurred during his period of pretrial detention at the Twin Towers Correctional Facility ("TTCF") where plaintiff is currently housed. To date, the Court is awaiting plaintiff's response to its May 19, 2017 order.

On May 22, 2017, plaintiff filed a document titled 2nd Injunction Request/TRO, seeking a court order enjoining certain correctional officers, who are not parties to this case, from harassing plaintiff. On May 25, 2017, plaintiff filed a document titled 2nd Emergency Notice for TRO and Preliminary Injunction, seeking a court order enjoining LASD from moving plaintiff to a different floor at the jail.[2]

For the reasons set forth below, the Court finds plaintiff has failed to show he is entitled to a temporary restraining order ("TRO") or a preliminary injunction. Accordingly, plaintiff's Motions are denied.

## II.
## **DISCUSSION**

Plaintiff here seeks both a TRO and a preliminary injunction. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney

---

[1] Plaintiff has initiated the following six additional pending civil rights actions in this Court, which he has at times sought to consolidate: *Spengler v. Los Angeles County Jail Medical, et al.*, No. 2:16-CV-06509; *Spengler v. Los Angeles County Sheriffs, et al.*, No. 2:17-01809; *Spengler v. Zazorin, et al.*, No. 2:17-CV-02270; *Spengler v. TTCF 232 Staff, et al.*, No. 2:17-CV-02927; *Spengler v. LASD Mental Health, et al.*, No. 2:17-CV-03059; and *Spengler v. Jolliff, et al.*, No. 2:17-CV-03076.

[2] The Court considers plaintiff's two injunctive requests collectively and refers to them as the "Motions."

certifies in writing any efforts made to give notice and the reasons it should not be required." Fed. R. Civ. P. 65(b)(1).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (per curiam) (internal quotations marks and citation omitted). The plaintiff bears the burden to establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (citations omitted). Alternatively, where there are merely "serious questions going to the merits," the moving party may still obtain a preliminary injunction where the balance of hardships "tips sharply" in the moving party's favor, and where the moving party also shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Where a plaintiff has not made the minimum showing of irreparable injury, it is not necessary for the court to decide whether the plaintiff is likely to succeed on the merits. *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1378 (9th Cir. 1985). Likewise, if the moving party "fails to show that he has some chance on the merits, that ends the matter." *Developmental Servs. Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011) (citation omitted).

A. **Likelihood of Success on the Merits Need Not Be Assessed**

It is difficult to assess whether plaintiff is likely to succeed on the merits of the claims raised in the Motions. Plaintiff's allegations in his Motions are not within the scope of his claims in the present FAC filed in this case, which largely concerns incidents on floor 252 at TTCF, including the denial of medical care and ADA accommodations. *See* FAC at 4-5, 7. Plaintiff has requested that this case be

3

consolidated with other cases but has yet to file a consolidated amended complaint, leaving the scope of plaintiff's pertinent allegations unclear.  As noted above, the Court is awaiting plaintiff's response to its May 19, 2017 order addressing plaintiff's consolidation request.  Further, as to at least the first injunctive request, it is not even clear what conduct the Court is being asked to enjoin, as plaintiff's allegations of harassment by the LASD deputies at the jail are vague.

But the Court need not determine the likelihood of success on the merits.  As discussed below, plaintiff has failed to show a likelihood of irreparable injury as to either allegation.

## B. Plaintiff Failed to Demonstrate He Is Likely to Suffer Irreparable Harm in the Absence of the Injunctive Relief He Seeks

Plaintiff has made no showing that he faces imminent irreparable injury such that the emergency relief afforded by a TRO is needed.  As noted, to obtain a TRO a plaintiff must present "specific facts in an affidavit or a verified complaint" clearly showing he faces "immediate and irreparable injury."  Fed. R. Civ. P. 65(b)(1)(A).  The allegations raised in the Motions are unverified and unsupported by an affidavit.  The TRO requests must therefore be denied on this basis alone.

A preliminary injunction also cannot be granted unless plaintiff "has shown that irreparable harm is 'likely'; the 'possibility' of harm is insufficient to meet [plaintiff's] burden."  *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1191 (9th Cir. 2011) (citing *Winter*, 555 U.S. at 22).  Although "'likely' is a higher threshold than 'possible,' [plaintiff] need not prove that irreparable harm is certain or even nearly certain."  *Id*.  Here, plaintiff's Motions fall well short of establishing that irreparable harm is likely without injunctive relief.

First, plaintiff asserts that non-party LASD deputies Moses, Oseguera, and Vasquez – named as defendants in some of plaintiff's other actions before the Court – harass, retaliate against, and threaten plaintiff, and interfere with plaintiff's legal visits, because he has filed various lawsuits and grievances.  Docket no. 12.  Plaintiff seeks to

enjoin these individuals from engaging in that conduct. *Id.* But although plaintiff claims he is being harassed, he does not specify what harm he is actually suffering or likely to suffer, much less present any facts showing he faces irreparable harm. Instead, the allegations of harm are merely conclusory and vague. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098-99 (9th Cir. 2007); *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674-75 (9th Cir. 1988); *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (finding insufficient showing of irreparable harm because submitted affidavits were conclusory).

Second, plaintiff asserts that LASD is seeking to move him from his current location to floor 272, where he may suffer more injuries. Docket no. 13. Plaintiff states that he suffers from relapsing and progressive multiple sclerosis, and that he has a 52-week wheelchair order as needed and a permanent walker. *Id.* Plaintiff claims floor 272 is not wheelchair-equipped and there is no 24-hour nurse or clinic available for access. *Id.* Plaintiff also makes a reference to his fear of being "hurt again" from "gang politics." *Id.*

The Court recognizes plaintiff could suffer serious injury if he is moved to a floor that cannot accommodate his ADA and medical needs. But plaintiff has not shown he is in fact likely to be moved to floor 272 or that floor 272 could not accommodate his needs. The FAC largely concerns floor 252, and it is unclear what conditions plaintiff would actually face on floor 272. Plaintiff's sole mentions of floor 272 in his FAC are to incidents in January 2016 when he was temporarily housed there. Plaintiff claims a bunk fell on him and staff intentionally allowed restrooms to overflow. FAC at 4, 8. These incidents have nothing to do with ADA accommodations or medical treatment. Because plaintiff has not shown floor 272 cannot accommodate his needs, plaintiff has failed to make any showing that he would be placed in any particular or greater danger upon his potential removal to a different floor at the jail. Plaintiff therefore has not demonstrated a likelihood of irreparable

5

injury even if he is moved to floor 272, which move is itself uncertain.  Consequently, there is no reason to find court intervention is needed to prevent irreparable harm to plaintiff.

In sum, because plaintiff has failed to show he is likely to suffer irreparable harm under either of his allegations in the absence of the injunctive relief he seeks, his Motions will be denied.

## III.
## ORDER

IT IS THEREFORE ORDERED that plaintiff's Motions for Injunctive Relief (docket nos. 12, 13) are DENIED.

DATED:  June 5 , 2017

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Sheri Pym
United States Magistrate Judge

6